IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH RAYMOND McKETTRICK, | : <br> : <br> : Civil Action No. 4: 06-CV-329 <br> Plaintiff,  : <br> : (Judge McClure) <br> v. : <br> : (Magistrate Judge Blewitt) <br> TROY WILLIAMSON, Warden, : <br> and John Doe, B.O.P. Northeast : <br> Regional Director : <br> : <br> Defendants  : |

**O R D E R**

May 22, 2006

**BACKGROUND:**

On February 14, 2006, plaintiff Kenneth Raymond McKettrick, instituted, pro se, a Bivens civil rights action in the United States District Court for the Middle District of Pennsylvania.  McKettrick is currently a federal prisoner incarcerated at United States Penitentiary (USP) Lewisburg, Lewisburg, Pennsylvania.  His complaint names the warden of Lewisburg and an unnamed defendant who is the Northeast Regional Director for the Bureau of Federal Prisons.  Plaintiff alleges in his complaint that the defendants violated his rights to due process when they placed him in the special management unit (SMU) program at Lewisburg, and

1

removed him from the general prison population. McKettrick asserts that his assignment to the SMU program is because he is Native American. McKettrick requested leave to file in forma pauperis, but shortly thereafter paid the filing fee. On March 15, 2006, McKettrick also filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

McKettrick's cases were initially referred to United States Magistrate Judge Thomas M. Blewitt. The magistrate judge then screened McKettrick's complaint pursuant to 28 U.S.C. § 1915A(b). On March 21, 2006, Magistrate Judge Blewitt issued an eighteen-page report and recommendation in connection with McKettrick's Bivens claim. Magistrate Judge Blewitt construed McKettrick's complaint to allege a Fifth Amendment due process claim for confinement in SMU against the two individual defendants as well as a First Amendment retaliation claim. The magistrate judge recommended that McKettrick's Due Process claim be dismissed for failure to allege the defendants' personal involvement and for failure to state a claim. The magistrate judge then recommended that McKettrick be allowed to file an amended complaint with respect to his First Amendment

---

[1] On May 10, 2006 we dismissed that petition, as McKettrick had not challenged "the fact or duration of his physical confinement itself, . . . [nor did he] seek[] immediate release or a speedier release from that confinement–the heart of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 498 (1973). McKettrick v. Williamson, No. 06-543 (M.D. Pa. May 10, 2006) (McClure, J.).

retaliation claim against the responsible prison staff members. Finally, the magistrate judge recommended that the case be remanded to him for further proceedings.

McKettrick requested an extension of time to file his objections to the magistrate judge's report and recommendation, which we granted. On May 9, 2006, McKettrick filed objections to the magistrate judge's report.[2] For the following reasons we will adopt the magistrate judge's report dismissing McKettrick's due process claim, providing him leave to amend his complaint as to his First Amendment retaliation claim, and remanding the matter for further proceedings before the magistrate judge.

**DISCUSSION:**

### I. RELEVANT LEGAL STANDARD

A district court reviews de novo those portions of a magistrate judge's report and recommendation to which a party objects. L.R. 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations

---

[2] As we indicated in our May 10, 2006 order dismissing McKettrick's petition under section 2241 docketed to case number 06-CV-543, he erroneously asserted in that filing that his cases were consolidated. This was only the recommendation of the magistrate judge, which we did not adopt for the reasons set forth in our May 10, 2006 order docketed to case number 06-CV-543.

3

made by the magistrate judge." Id.

## II. DISMISSAL OF DUE PROCESS CLAIM, LEAVE TO AMEND FIRST AMENDMENT CLAIM & REMAND TO MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS IS APPROPRIATE

On May 9, 2006, McKettrick filed a document with a caption stating "Plaintiff Standing Objection to Magistrate Judge Report and Recommendations in Part; and Submit Plaintiffs Amended Complaint, Memorandum of Points and Authorities in Support Thereof . . ." (Rec. Doc. No. 11.)  In our May 10, 2006 order dismissing McKettrick's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and docketed to case number 06-CV-543, we noted we were construing this filing as objections to the magistrate judge's report and recommendations to both 06-CV-329 and 06-CV-543.

Essentially, McKettrick's filing is an amended complaint, which we will leave to the magistrate judge to address.  However, at page 12 of his filing McKettrick states his objections to the magistrate judge's report and recommendation.  First he asserts that the magistrate judge misconstrued plaintiff's pleadings regarding "well established fundamental principles of due process of law violations." (Rec. Doc. No. 11, at 12.)  McKettrick then asserts that the magistrate judge erred in denying him leave to amend his due process claim before making its final adjudication

because he is a pro se litigant.[3]

The magistrate judge carefully and thoroughly set forth the case law relating to McKettrick's due process claim from pages ten to seventeen of the report and recommendation. We will not repeat that case law here. As the magistrate judge noted this court has already found that placement in SMU does not implicate a due process liberty interest. Francis v. Dodrill, No. 04-CV-1694, 2005 WL 2216582 (M.D. Pa. Sept. 12, 2005) (Munley, J.). McKettrick's objections are without merit.

We will adopt the magistrate judge's report and recommendation in full. Thus, we will dismiss McKettrick's due process claims, provide him leave to amend his First Amendment retaliation claim against the appropriate prison officials, and remand the matter for further proceedings before United States Magistrate Judge Thomas M. Blewitt.

---

[3] Magistrate Judge Blewitt noted in footnote 8 of his report and recommendation that despite McKettrick's pro se status he should not be permitted leave to amend his due process claim because based on well-settled case law his due process claim fails to state a constitutional violation and leave to amend would be futile. (Rec. Doc. No. 7, at 18 n. 8) (citing Foman v. Davis, 371 U.S. 178, 182 (1982)). We agree.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Magistrate Judge Blewitt's report and recommendation is adopted in full. (Rec. Doc. No. 7.)

2. McKettrick's due process claims are dismissed for failure to state a claim. Furthermore, we agree with the magistrate judge that leave to amend these claims would be futile.

3. McKettrick is granted leave to amend his complaint's First Amendment retaliation claim. An amended complaint shall be filed on or before June 23, 2006.

4. The matter is remanded to the magistrate judge for further proceedings.

                                                             s/ James F. McClure, Jr.
                                                             James F. McClure, Jr.
                                                             United States District Judge