IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH RAYMOND McKETTRICK, | : <br> : <br> : Civil Action No. 4: 06-CV-329 <br> : <br> : (Judge McClure) <br> : <br> : (Magistrate Judge Blewitt) <br> : <br> : <br> : |
| Plaintiff, | |
| v. | |
| TROY WILLIAMSON, et al., | |
| Defendants | |

**O R D E R**

August 16, 2006

**BACKGROUND:**

On February 14, 2006, plaintiff Kenneth Raymond McKettrick instituted, pro se, a Bivens civil rights action in the United States District Court for the Middle District of Pennsylvania.  McKettrick is currently a federal prisoner incarcerated at United States Penitentiary (USP) Lewisburg, Lewisburg, Pennsylvania.  In his original action plaintiff named two defendants, Troy Williamson, Warden of USP Lewisburg, and an unknown John Doe defendant, who was the BOP Northeast Regional Director.  Plaintiff had attempted to allege a Bivens claim against the federal employees on the basis of his constitutional rights under the due process clause and a First Amendment retaliation claim.  McKettrick

1

asserted that his constitutional rights were violated when he was placed in the special management unit ("SMU").

On May 22, 2006, we adopted the magistrate judge's March 21, 2006 report and recommendation in full.  We ordered McKettrick's due process claims dismissed for failure to state a claim upon which relief could be granted.  We also found that it would be futile to grant McKettrick leave to amend these claims.  However, we granted McKettrick leave to amend his First Amendment retaliation claim, and remanded the matter to the magistrate judge.

In accordance with our order McKettrick filed an amended complaint on June 13, 2006.  Once again the magistrate judge has screened the amended complaint pursuant to 28 U.S.C. § 1915A.  Now before the court is the magistrate judge's report and recommendation that culminated from his screening.

We previously adopted the magistrate judge's report and recommendation without objections, but shortly thereafter vacated our order and gave McKettrick additional time to file objections.

On July 31, 2006, McKettrick filed a thirteen-page objection to the report and recommendation.  We find McKettrick's objections without merit.  For the following reasons we will adopt the magistrate judge's report and recommendation in full, dismiss plaintiff's Bivens claims against Defendant BOP, Defendants

2

Lappin, Dodrill, Williamson, Mathews, and John Doe Defendants 1 to 100. Plaintiff shall be allowed to proceed on his amended complaint only with respect to his First Amendment retaliation claim against defendant Mconnell. The case will be remanded to the magistrate judge for further proceedings.

**DISCUSSION:**

## I.  RELEVANT LEGAL STANDARD

A district court reviews de novo those portions of a magistrate judge's report and recommendation to which a party objects. L.R. 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

## II.  McKETTRICK'S OBJECTIONS

McKettrick's first objection is that the magistrate judge demonstrated bias and prejudice toward him when he granted "sua sponte summary judgment in favor of the so-named defendants." (Rec. Doc. No. 20, at 5.) This is incorrect. The magistrate judge acted appropriately using his power to screen the complaint pursuant to 28 U.S.C. § 1915A. Furthermore, the magistrate judge afforded McKettrick the opportunity to amend his complaint and indicated that McKettrick can amend his complaint in the future with named defendants.

McKettrick also argues that the magistrate judge failed to recognize the

allegations of personal involvement on the part of defendants Williamson and Dodrill in the amended complaint. This is simply not true. The magistrate judge notes in the "Allegations of Amended Complaint" section of the report and recommendation that the unit manager told McKettrick that Williamson and Smith wanted him in SMU. (Rec. Doc. No. 15, at 4.) The magistrate judge went on to note in his report and recommendation that the allegations against Williamson were insufficient to allege his personal involvement because Williamson was acting in a supervisory capacity and that the defendant allowed the application of an alleged illegal prison policy that caused him to be placed in SMU. The magistrate judge extensively addresses Williamson's alleged involvement and found it to be in a supervisory capacity. (Rec. Doc. No. 15, at 10-12.) The magistrate judge similarly found defendant Dodrill was acting in his supervisory capacity and could not be held liable under a theory of respondeat superior.

Next, McKettrick argues that because the magistrate judge referred to the defendants as "our defendants" he is biased. Apparently, McKettrick believes that this indicates that the magistrate judge is providing "lawful representation" of the defendants. This argument is frivolous.

McKettrick asserts that the magistrate judge has attempted to "rapidly slam shut the courthouse doors on pro se litigant[s]." (Rec. Doc. No. 20, at 12.) We

disagree. Magistrate Judge Blewitt has afforded McKettrick the opportunity to amend his complaint and in the report and recommendation notes that should McKettrick later identify any John Doe defendants he can again amend his complaint.

### III.  McKETTRICK'S AMENDED COMPLAINT

On June 13, 2006, plaintiff filed an amended complaint that named several additional defendants. We agree for the reasons set forth by the magistrate judge that plaintiff has failed to state a claim upon which relief can be granted as to all of these defendants except for Defendant Mconnell. (Am. Compl., Rec. Doc. No. 14, at 4, ¶ 7.) It would be an inefficient use of judicial resources to repeat the reasons set forth by the magistrate judge in his thorough report and recommendation, so we adopt the reasoning set forth in that document. In addition we agree with the magistrate judge that should the plaintiff be able to identify any of the John Doe defendants later during discovery he can again request leave to amend his pleading.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Magistrate Judge Blewitt's report and recommendation is adopted in full. (Rec. Doc. No. 15.)

2. McKettrick's claims against defendants BOP, Lappin, Dodrill,

Williamson, Mathews, and John Doe Defendants 1 to 100 are dismissed.

3. McKettrick shall only be allowed to proceed with his First Amendment retaliation claim against defendant Mconnell.

4. The matter is remanded to the magistrate judge for further proceedings.

 s/James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge